Dear Mr. Larkins:
Your request for an Attorney General's opinion has been forwarded to me for research and reply.
According to your request, you request an opinion regarding what the Secretary of State's Office believes to the "clear wording of La. R.S.18:423(D)(1) with respect to how the office of Secretary for Boards of Election Supervisors is selected as well as the qualifications for becoming a candidate."
You state that your reading of the statute would lead you to conclude that a Secretary must be elected by the Board of Election Supervisors, as opposed to being "employed" by the Board, and that only Board members my qualify to become candidates to be elected Secretary. You request guidance from this office clarifying any ambiguities presented by the wording of this statute.
La. R.S. 18:423(D)(1) states:
 D. (1) Officers. Each parish board of election supervisors shall elect one of its members as president of the board, and may elect a secretary and any other officers it deems necessary
The composition of the Parish Boards of Election Supervisors (PBES) is set forth in La. R.S. 18:423(C)(1) and consists of five members: 1) the Registrar of Voters; 2) the Clerk of Court; 3) the chairman of the Democratic Parish Executive Committee; 4) the chairman of the Republican Parish Executive Committee; and 5) a gubernatorial appointee.
According to § 423(B), the duties of the PBES are to supervise the preparation for, and the conduct of, all elections in the parish. Additionally, all papers filed with the board shall be filed with the president or the secretary of the board.
In conversing with various Registrars of Voters around the state, it appears that there is an enormous amount of data developed and then disseminated to the board members. Many board secretaries will construct a schedule of elections and transmit that information to the members. The secretaries contact each member and notify them of the meeting times and agenda, and then take minutes at the meeting and distribute them to the members. The secretaries also generally perform all bookkeeping duties. The board members appear to rely heavily on the secretary to maintain the administration of the board because they are otherwise occupied with their primary employment.
La. Atty. Gen. Op. No. 91-234 discussed the ability of board members to appoint designees to serve in their absence at meetings. The opinion stated that "it is customary in this state for officials to be represented by designees due to the numerous boards and commissions that such officials serve on as members. The Attorney General opined that the appointment of a designee for the chairman of the parish executive committee is not a one time appointment. The chairman shall serve on the board of election supervisors and shall be able to appoint a designee in his absence from meetings.
There is frequent turnover in the Board membership with respect to the Party Chairs and the gubernatorial appointees and many of these members do not have the time, skills or equipment to perform this critical administrative function. Also, there are times when members may not be able to attend board meetings. Many of the members value a secretary who is not a board member because the secretary will consistently be there to take minutes, file appropriate papers and prepare information for the members.
The secretary position on the Parish Board of Election Supervisors has apparently developed a pattern and practice of utilizing staff members from either the Clerk or Registrar's office because of consistency, subject knowledge, requisite skills, and necessary equipment to perform this vital service.
Therefore, it is the opinion of this office that the secretary position on the Parish Board of Election Supervisors does not need to be elected from the Board membership. It would appear that the Parish Board should make its own determination as to the most appropriate person to be utilized for this position.
 Respectfully submitted,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:_______________________
 WILLIAM P. BRYAN, III
 Assistant Attorney General
 CCF, Jr.,/WPB, III